# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER WILSON, | ) | |
| Petitioner, | ) | Civil Action No. 09 - 937 |
| v. | ) | District Judge Joy Flowers Conti |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| MR. WASHINGTON, | ) | |
| Respondent. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

It is respectfully recommended that this action be dismissed without prejudice for lack of jurisdiction.

II. **REPORT**

Petitioner, Roger Wilson, is a federal prisoner currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland (FCI Cumberland). He has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 complaining about certain aspects of his sentence as well as the conditions of his confinement at FCI Cumberland. For the reasons that follow, the Petition should be dismissed for lack of jurisdiction.

### Discussion

On January 8, 2008, Petitioner pled guilty in the United States District Court for the Western District of Pennsylvania to one count of Conspiracy to Possess and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846 and one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. 841(a) and (b)(1)(c). As a result, Petitioner

was sentenced to a total term of sixty-five (65) months incarceration. On March 2, 2009, Petitioner was designated to FCI Cumberland. On July 17, 2009, while incarcerated in Cumberland, Maryland, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Under 28 U.S.C. § 2241(a), a district court may only grant the writ if it has jurisdiction over the petitioner's custodian. In <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004), the United States Supreme Court stated, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." In addition, the Court noted that, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." <u>Id</u>. at 435. Consequently, the Court held that, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." <u>Id</u>. at 447.[1]

Petitioner is incarcerated at FCI Cumberland, which is within the jurisdiction of the United States District Court for the District of Maryland. The Supreme Court has held that a petition filed in the wrong district should be dismissed without prejudice to a petitioner's right to re-file in the correct court. <u>Padilla</u>, 542 U.S. at 451.[2] Consequently, the Petition should be dismissed

---

1. In addition, it appears that Petitioner is raising claims concerning the conditions of his confinement. The Supreme Court has held that the proper action for this type of claim is generally to file a civil rights action under 42 U.S.C. § 1983. *See* <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973).

2. Although the Court believes that transfer of the Petition to the District Court of Maryland may be somewhat more expedient, it questions the propriety of doing so. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any

(continued...)

without prejudice to petitioner's right to re-file in the appropriate district. *Accord* <u>United States v. Little</u>, 392 F.3d 671, 680 (4th Cir. 2004) (holding that district court was not proper venue for federal prisoner's petition for habeas corpus where petitioner had been transferred to institution in another district before petition was filed, thus requiring dismissal of petition without prejudice).

III. **CONCLUSION**

It is respectfully recommended that this action be dismissed without prejudice for lack of jurisdiction.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

---

2(...continued)
district or division in which it could have been brought." The majority of courts considering the issue have determined that the statute does not authorize transfer to a district outside of the state where the petition originally was filed. *See, e.g.*, <u>Lee v. Wetzel</u>, 244 F.3d 370 (5th Cir. 2001); <u>White v. Grace</u>, Civ. No. 05-0164, 2005 WL 1309044 (M.D. Pa. June 1, 2005) (noting the absence of jurisdiction to transfer case to correct district court); <u>Zurawsky v. Ashcroft</u>, Civ. No. 03-439, 2003 WL 21088092 (E.D. La. May 8, 2003) ("a district court of improper venue lacks jurisdiction over the § 2241 petition and thus does not have the authority to transfer the petition to the proper district").

Lisa Pupo Lenihan
United States Magistrate Judge

Dated: June 21, 2010

cc: Roger Wilson
09160068
FCI Cumberland
PO Box 1000
Cumberland, MD 21502